Nicholson, C. J.,
delivered the opinion of the Court.
The bill, in this case, was filed to enjoin a suit at law, in which defendant was seeking to collect from complainant a note of $130, made by one Cummings, and to which complainant was security.
It is alleged that Cummings was indebted to complainant for two notes, one for $130, and the other for $200, on both of which complainant was security; that complainant, who lived at McMinnville, finding out that Cummings was about removing to Missouri with his property, procured a letter to be written to defendant, then in Nashville, notifying him that Cummings would pass through Nashville at a specified time with his property, and that he must make the money out of Cummings, and that he need not look to complainant to pay the debts of Cummings. It is further alleged, that defendant had admitted that he collected from Cummings $500, as he passed through Nashville, which he had appropriated in payment of other debts due defendant from Cummings, and that Cummings had means to pay. Upon *154 these allegations, complainant insists that he is discharged from the payment of the note for $130, sued on.
Defendant admits, in his answer, that he held the two notes, of $130, and of $200, on Cummings, with complainant as security, as alleged, as well as others on which complainant was liable, and that Cummings had paid the $200 note, and all the others, except the one for $130. He admits he received a letter from complainant, requesting him, especially, to secure the debt of $200, on which complainant alone was security, but he does not admit that the $130 note was referred to. He answers, that, after using strict vigilance and diligence, he succeeded in collecting $500 from Cummings, which he appropriated to several notes due defendant, on each of which complainant was liable, and amongst them was the $200 note specified in the letter; and that he was unable to collect from Cummings the $130 note, after employing all necessary diligence, and exhausting all remedies at law or otherwise.
The only testimony in the case is found in the deposition of A. W. Hopkins, who states that she wrote a letter to defendant, at the request of complainant, in which he notified him that Cummings w'ould pass through Nashville, and that he must make his money out of him on the notes on which complainant was security, as Cummings had means to pay it, and it could be made of him.
There is no other proof, the letter referred to not being in the record.
It is well settled, that, if a surety to a note notifies the holder to sue the principal, when by so doing the *155 money could be made, his failure to sue may be insisted on by the surety as a discharge of his liability. 10 Yer., 362. But, to make the discharge effective, it must not only appear that the holder of the note failed to sue, but that the money could have been made by proper diligence. In this case, the notice to make the money is shown, and it is also shown that $500 was collected; but the allegation is, that it was appropriated to other debts. The answer is responsive, that all the money was appropriated to debts on which complainant was liable, including the $200 note on which complainant alone was security, and which was specified in the letter as the debt to be specially paid. There is nothing, either in the answer or in the letter, or remembered by the writer of it, which shows that there was any special direction as to paying the $130 note. It is alleged that Cummings had means to satisfy all the debts on which complainant was liable. The defendant answers the allegation, by saying, that he was unable to collect the $130 note, after exhausting all remedies by law or otherwise. There is no proof contradicting this statement. >
We do not think the facts bring the case within the rule of law before stated, as to the discharge of a surety. The decree of the Chancellor will,, therefore, be affirmed, with costs.